Filed 1/7/16  P. v. Funderburk CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063744 |
| v. | (Super.Ct.No. FVI1401507) |
| DARRYL WESLEY FUNDERBURK, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Debra Harris, Judge.  Affirmed.

Kenneth J. Sargoy, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Pursuant to a plea agreement, defendant and appellant Darryl Wesley Funderburk pled no contest to attempted taking or driving of a vehicle without the owner's permission (Veh. Code, §§ 664/10851, subd. (a), count 2) and admitted that he had one

1

prior strike conviction (Pen. Code[1], §§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)). In accordance with the plea agreement, a trial court sentenced him to eight months on count 2, doubled pursuant to the strike conviction, for a total term of 16 months in state prison.

Defendant filed a timely notice of appeal, challenging the sentence or other matters not affecting the validity of the plea, as well as the denial of a section 1538.5 motion to suppress evidence. We direct the court to dismiss count 1 and three strike allegations. Otherwise, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND[2]

On April 24, 2014, Officer Amir Awad went to 14240 Cholame Road in Victorville, California to serve an arrest warrant for an individual named Stanley Allen. Rosalie Barreras answered the officer's knock on the door and confirmed that Allen lived at that residence. Officer Awad asked where he was, and Barreras said she thought he was inside the back room. Officer Awad asked if she would mind if he checked, and Barreras stepped aside and led him to the back bedroom. The officer did not find Allen in the back bedroom, but instead found defendant. Defendant identified himself as the sole renter of the property. Since defendant was not the subject of the arrest warrant, Officer Awad advised the other officers that were with him that Allen was possibly in the backyard or somewhere else in the residence. One officer went to the backyard and came across a trailer. He found Allen inside the trailer.

---

[1] All further statutory references will be to the Penal Code, unless otherwise indicated.

[2] The facts are taken from the preliminary hearing transcript.

Another officer went to check the garage and observed a disassembled truck with a U-Haul label on it. The officer ran the vehicle identification number on the vehicle, and the sheriff's dispatcher confirmed that the vehicle had been reported stolen. At that point, Officer Awad detained everyone in the residence to investigate and find out who was responsible or had knowledge of the vehicle theft. One of the officers asked defendant if he would sign a consent form to search the house, and defendant agreed. That officer found defendant's cell phone and asked him for the pass code. Defendant consented and gave him the pass code to unlock the cell phone. The officer viewed the contents of defendant's cell phone and observed text messages that indicated the sales of vehicle parts. Officer Awad then arrested defendant and gave him *Miranda*[3] warnings. Defendant agreed to speak to Officer Awad and eventually admitted that he knew the vehicle was stolen. He said his friend Miguel brought the vehicle over to his house and was going to sell the parts from the vehicle. A search of the residence did not yield any evidence regarding an individual named Miguel. Officer Awad contacted the manager at the U-Haul company in Hesperia, and the manager stated that the vehicle was stolen from his location.

On April 25, 2014, defendant was charged by felony complaint with receiving a stolen vehicle. (§ 496d, subd. (a), count 1.) The complaint also alleged that he had four prior strike convictions. (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i).)

---

[3] *Miranda v. Arizona* (1966) 384 U.S. 436.

On September 11, 2014, defendant filed a motion to suppress the evidence, pursuant to section 1538.5, subdivision (a)(1)(A)(i), arguing that he was unlawfully detained. The People filed an opposition to the motion. The court held the preliminary hearing and motion to suppress hearing concurrently. The court denied the motion and held defendant to answer to all counts and allegations.

On October 27, 2014, the People filed an information, which included the same counts and allegations as the felony complaint. Defendant pled not guilty and denied all allegations. He then filed a renewed motion to suppress evidence.

On March 30, 2015, defendant filed a motion for sanctions and exclusion of evidence, alleging that the prosecution destroyed pictures of the crime scene.

Neither defendant's renewed motion to suppress nor the motion for sanctions was decided by the court because defendant entered a plea agreement on May 15, 2015. The court interlineated a new count 2 for attempted taking or driving of a vehicle without the owner's permission. (Veh. Code, § 10851, subd. (a), count 2.) Defendant pled no contest to count 2 and admitted one prior strike. In accordance with the agreement, the court sentenced him to a total of 16 months in state prison, with 774 days of custody credits. Because his credits exceeded his sentence, the court ordered defendant to be released immediately to parole.

Defendant filed a notice of appeal on May 29, 2015, in propria persona. On June 16, 2015, appellate counsel filed an amended notice of appeal, based on the sentence or other matters not affecting the validity of the plea, as well as the denial of a motion to suppress.

4

<u>ANALYSIS</u>

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and a brief statement of the facts, and identifying a few potential arguable issues: (1) whether defendant waived his right to appeal the renewed section 1538.5 motion to suppress filed after the preliminary hearing; (2) whether "the entry of the deputies into [defendant's] residence violate[d] the Fourth Amendment's proscription that execution of an arrest warrant does not allow a general search"; (3) whether the search of the garage violated the Fourth Amendment; (4) whether there was consent to search defendant's cell phone; and (5) whether defense counsel's failure to have the renewed motion to suppress evidence decided by the superior court constituted ineffective assistance of counsel.

Defendant was offered an opportunity to file a personal supplemental brief, which he has not done.

Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues. However, although not raised by the parties, we note an apparent clerical error. Generally, a clerical error is one inadvertently made. (*People v. Schultz* (1965) 238 Cal.App.2d 804, 808.) Clerical error can be made by a clerk, by counsel, or by the court itself. (*Ibid*. [judge misspoke].) A court "has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts." (*In re Candelario* (1970) 3 Cal.3d 702, 705.)

5

In this case, the court neglected to dismiss count 1 and the three remaining prior strike allegations. The plea agreement stated that defendant would plead no contest to count 2 and admit one prior strike, in exchange for a specified term and the dismissal of the remaining counts and allegations. Defendant pled no contest to count 2, but the court did not dismiss the remaining count and allegations. Nonetheless, the minute order states that the court ordered count 1 dismissed, on motion of the People. Neither party mentioned the court's failure to dismiss the remaining count and allegations, below or on appeal. Thus, the record indicates that the parties intended those allegations and count to be dismissed. It is evident the court's failure to order the dismissal was inadvertent. Accordingly, in the interest of clarity, we will direct the trial court to dismiss count 1 and the three prior strike allegations.

## DISPOSITION

The trial court is directed to order the dismissal of count 1 and the remaining prior strike allegations. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST

Acting P. J.

We concur:


KING

J.


MILLER

J.

6